(C. D. 683)

STANDARD WINE & SPIRITS CO. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 10, 1942)

*C. N. Neubeck* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Frank E. Carstarphen* and *Richard F. Weeks*, special attorneys), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: In this suit against the United States the plaintiff seeks to recover a portion of the duty assessed upon importations of what are described as various types of glass containers of alcoholic

cordials or liqueurs, said containers being in the form of small animals and birds. The merchandise was imported from Holland. In the original pleadings plaintiff alleges that liquidation was based upon a value which was in excess of the dutiable value and that this was due to a clerical error on the part of plaintiff in making entry of his merchandise.

In an amendment to the pleadings it is claimed that the glass containers are properly dutiable at the entered rate of 16⅔¢ per gross under paragraphs 217 and 810 of the Tariff Act of 1930. The collector of customs assessed duty on the bottles at the rate of 50 per centum ad valorem under paragraph 218 (f) of the same law as modified by the trade agreement between the United States and Czechoslovakia (T. D. 49458), the terms of which agreement were extended to the products of the Netherlands.

The provisions of the statute involved are as follows:

SEC. 504. COVERINGS AND CONTAINERS.

If there shall be used for covering or holding imported merchandise, whether dutiable or free of duty, any unusual material, article, or form designed for use otherwise than in the bona fide transportation of such merchandise to the United States, additional duties shall be levied upon such material, article, or form at the rate or rates to which the same would be subjected if separately imported.

PAR. 217. Bottles, vials, jars, ampoules, and covered or uncovered demijohns, and carboys, any of the foregoing, wholly or in chief value of glass, filled or unfilled, not specially provided for, and whether their contents be dutiable or free (except such as contain merchandise subject to an ad valorem rate of duty, or to a rate of duty based in whole or in part upon the value thereof, which shall be dutiable at the rate applicable to their contents), shall be subject to duty as follows: If holding more than one pint, 1 cent per pound; if holding not more than one pint and not less than one-fourth of one pint, 1½ cents per pound; if holding less than one-fourth of one pint, 50 cents per gross: *Provided*, That the terms "bottles," "vials," "jars," "ampoules," "demijohns," and "carboys," as used herein, shall be restricted to such articles when suitable for use and of the character ordinarily employed for the holding or transportation of merchandise, and not as appliances or implements in chemical or other operations, and shall not include bottles for table service and thermostatic bottles.

PAR. 810. When any article provided for in this schedule is imported in bottles or jugs, duty shall be collected upon the bottles or jugs at one-third the rate provided on the bottles or jugs if imported empty or separately.

PAR. 218 (f) (as modified by various trade agreements):

| | | Rate changed | Modified rate |
|---|---|---|---|
| 218 (f) | Table and kitchen articles and utensils, and all articles of every description not specially provided for, composed wholly or in chief value of glass, blown or partly blown in the mold or otherwise, or colored, cut, engraved, etched, frosted, gilded, ground (except such grinding as is necessary for fitting stoppers or for purposes other than ornamentation), painted, printed in any manner, sand-blasted, silvered, stained, or decorated or ornamented in any manner, whether filled or unfilled, or whether their contents be dutiable or free: | | |
| | Articles primarily designed for ornamental purposes, decorated chiefly by engraving and valued at not less than $8 each. | 60% ad val. | 30% ad val. |
| | Other, if cut, or engraved, and valued at not less than $1 each | 50% ad val. | 45% ad val. |
| | All other | 60% ad val. | 50% ad val. |

The claim as to the entered value is overruled for failure of proof under the decisions of this court and the Court of Customs and Patent Appeals.

As to the claim that these containers are usual containers of the contents and not subject to the provisions of section 504 of the Tariff Act of 1930, the plaintiff introduced the testimony of one witness who produced a sample of similar merchandise from another manufacturer. This was admitted in evidence as illustrative exhibit 1, and it was the opinion of the witness that the merchandise was identical with that in *Bellows & Co., Inc.* v. *United States*, Abstract 44141, and *G. H. Mumm Champagne, etc.* v. *United States*, Abstract 44965. Abstract 44141 was decided on rehearing in Abstract 45240. Plaintiff moved to incorporate the records in the cases cited but upon objection of Government counsel that the requisite notice had not been given, the motion was denied and a continuance granted the plaintiff in order to give it an opportunity to serve a proper notice of motion to incorporate.

Thereupon the Government introduced the testimony of the acting appraiser at the port of entry, who was also an examiner of merchandise in the customs service, with over 29 years' experience. He stated that he examined the merchandise in protest 990458–G and that illustrative exhibit 1 is in all respects substantially similar to the "pigeons" mentioned on the invoice he had examined; that during the period he has been with the Government he has examined between 200 and 500 cases of cordials and that there was no comparison between the containers of the merchandise in those cases (which were bottles containing four-fifths of a quart, the ordinary bottles) and the containers now before us. In the opinion of this witness illustrative exhibit 1 is not the usual container of cordials. On cross-examination this witness was shown a few samples of bottles of different shapes, and asked whether he considered them to come under the designation of bottles. He stated that they are all bottles in his judgment, although they are different in shape one from the other. The bottles mentioned were admitted in evidence as exhibit A, and consist of what might be described as replicas of the ordinary pints and four-fifths bottles of well-known brands of Scotch whisky, Jamaica rum, and a liqueur.

The Government called as its second witness the secretary of a corporation dealing in all types of whiskies, gins, cordials, wines, and liqueurs, who stated that he supervises the sale of such merchandise and is familiar with the stock carried by the corporation; that said corporation deals in cordials and that he is familiar with the containers in which cordials are imported and sold, including illustrative exhibit 1. This witness read the description of the containers in protest 990458–G and stated that the corporation with which he is

connected has had some similar containers of liqueurs and cordials. He was then interrogated as to the comparative prices of the cordials and liqueurs when contained in large bottles, and the merchandise in suit, and stated that the price was higher in small containers than in large ones. He further stated that a very small percentage of all the cordials he had dealt in were imported or sold in the small, fancy containers, and that the majority of the merchandise handled by his corporation is in the large size bottle.

On cross-examination he admitted that the usual type of bottle for such commodities is "odd-shaped"; that the different types of cordials imported by his corporation come in different type bottles and differ as to design, some of them being similar to collective exhibit A. He also stated that illustrative exhibit 1 comes in a large size, four-fifths of a quart.

The testimony of the remaining witness as to containers and prices and the class of trade to which merchandise similar to illustrative exhibit 1 is sold can have little weight because of his very limited experience.

After having been continued, the case was again heard and was submitted without further evidence and time requested and granted for briefs. No briefs have been filed, and no further reference was made to the motion to incorporate the records in the decided cases.

The question presented here has been before the court and has been decided according to the evidence presented, upon different occasions.

The latest expression of the Court of Customs and Patent Appeals is found in *United States* v. *W. J. Mulligan & Co.*, 29 C. C. P. A. (Customs) 117, C. A. D. 179. That case involved glass containers filled with alcoholic liqueurs, the containers being in the form of birds and animals. It was there held that section 504, *supra*, modifies all sections and paragraphs embraced in the various titles of the tariff act relating to classification and rates of duty, and while not affecting the question of classification *per se*, it does affect the rates based upon such classification. It was further held that it was not the intention of Congress to give to unusual containers of the merchandise covered by the various paragraphs in schedule 8 of the act, a rate status different from that given unusual containers of other kinds of merchandise. The court there found that the evidence was insufficient to overcome the presumption of correctness attaching to the collector's classification of the merchandise as unusual containers.

In the case now before us the collector has classified these containers as unusual. We find that the plaintiff has not sustained the burden of proving that classification erroneous. Plaintiff's claims are therefore overruled.

Judgment will be rendered for the defendant.